IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, ) | |
| CENTRAL LABORERS' ANNUITY FUND, ) | |
| CENTRAL LABORERS' WELFARE FUND, ) | |
| ILLINOIS LABORERS' & CONTRACTING ) | |
| APPRENTICESHIP TRAINING TRUST FUND, ) | |
| LABORERS'-EMPLOYERS' ) | |
| COOPERATION EDUCATION TRUST (LECET), ) | |
| AGCI INDUSTRY ADVANCEMENT FUND, ) | |
| SOUTHERN & CENTRAL ILLINOIS ) | |
| LABORERS' VACATION FUND, ) | |
| CENTRAL ILLINOIS WORK DUES, ) | |
| CENTRAL ILLINOIS BUILDING CHECKOFF ) | |
| FUND and LABORERS' LOCAL 477, ) | |
|   ) | |
|   Plaintiffs, ) | |
|   ) | |
| -vs- ) | Case No. |
|   ) | |
| S & W CONTRACTORS OF ILLINOIS, INC., ) | |
| JEREMIAH WILLIAMS ) | |
|   Defendant. ) | |

**COMPLAINT**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendants, S & W CONTRACTORS OF ILLINOIS, INC., and JEREMIAH WILLIAMS, Individually, allege as follows.

1.  This is a civil action to recover employer contributions or payments owed to the Plaintiffs pursuant to the provisions of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1132 and 1145.

1

2. Because this is an action to recover fringe benefit contributions pursuant to Sections 1132(g)(2) and 1145 of ERISA, this Court has jurisdiction over this matter pursuant to 29 U.S.C. 1132(e)(1).

3. Pursuant to 29 U.S.C. §185(a) the U.S. District Court has jurisdiction regarding Plaintiff's claims for dues and other payments authorized under 29 U.S.C. 186(c).

4. The Central Laborers' Pension Fund, Central Laborers' Welfare Fund, the Central Laborers' Annuity Fund, the Illinois Laborers' & Contracting Training Trust Fund, and the Southern & Central Illinois Laborers' Vacation Fund are employee benefit plans as defined in 29 U.S.C. 1002(3) and are multi-employer plans as defined in 29 U.S.C.1002(37)(A). The remaining funds or organizations are either labor organizations or labor management committees as defined in the LMRA, or organizations created by agreement of employers and labor organizations pursuant to the collective bargaining process.

5. Those Plaintiffs, that are employee benefit plans, are administered pursuant to the terms and provisions of Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the LMRA (29 U.S.C. 186(c)), and ERISA (as amended), 29 U.S.C. §1001 *et. seq.* See Exhibits 1-2 for pertinent sections of the Central Laborers' Pension, Welfare, and Annuity Funds Restated Agreements and Declarations of Trusts.

6. Based on S&W Contractors of Illinois, Inc. participation as an employer in the Central Laborers' Pension, Welfare, and Annuity Funds, and by its execution of a collective bargaining agreement on May 17, 2015, S&W Contractors of Illinois, Inc. is bound by the terms and provisions of the aforementioned Trust Agreements.

7. Pursuant to written agreements, the Central Laborers' Pension Fund is the collection agent for the other named Plaintiffs.

8. Pursuant to 29 U.S.C. 1132(e)(2), venue is proper in this Court as the administrative office for the Central Laborers' Pension Fund is located in Jacksonville, Illinois and Morgan County, which is within the Central District's boundaries.

9. The Defendant, S & W Contractors of Illinois, Inc. ("S&W Contractors") is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5) and (12).

10. On May 17, 2015, S&W Contractors signed a collective bargaining agreement (hereafter CBA) that required the Defendant to pay fringe benefits, dues, and assessments to the Plaintiffs for work performed within the jurisdiction of Laborers' Local 477. Exhibit 3.  In addition, the CBA bound S&W Contractors to the provisions of the Plaintiffs' applicable Trust Agreements.  Exhibit 3, P. 12 and Addendum A.

11. Since executing the CBA in May 2015, S&W Contractors has not terminated its CBA.

12. Pursuant to ERISA, 29 U.S.C. 1145, S&W Contractors is required to make contributions to Plaintiffs in accordance with the terms and conditions of the CBA.

13. Pursuant to ERISA, 29 U.S.C. 1059(a)(1), every employer shall maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.

14. Pursuant to the Central Laborers' Pension Fund Trust Agreement, employers are required to assist and cooperate with authorized representatives of the Pension Fund and shall provide:

    (a) all cash disbursement journals, general ledgers, or other documents

3

        including check registers or cancelled checks if necessary showing cash disbursements;

(b)     all individual payroll records including certified payroll records where required on particular projects including any applicable W-2s/W-3s;

(c)     all time records which are the basis of the above mentioned payroll records;

(d)     all state unemployment tax returns;

(e)     all union or fringe benefit fund reports showing contributions paid to all entities or employees for fringe benefits or dues;

(f)     all other relevant records which would tend to show the Employer's compliance with the terms of the Trust, including, if requested, records of project locations and records showing particular projects on which an employee has worked. Exhibit 1, P. 14, Section 8.

15.     The Central Laborers' Pension Fund Trust Agreement states "In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer." Exhibit 1, P. 20, Section 1.

16.     The Central Laborers' Pension Fund Trust Agreement requires an employer to furnish the names of employees, their social security numbers, the hours worked by the employees, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan. Exhibit 1, P. 21, Section 3.

17. The Central Laborers' Pension Fund Trust Agreement authorizes an audit by an independent certified public accountant or its representative. Exhibit 1, P. 21, Section 3, P. 22, Section 10.

18. In the event the trustees must file suit to enforce their authority to perform an audit, the employer shall be liable for all reasonable costs incurred including court fees, attorney's fees, filing fees, audit costs, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions. Exhibit 1, P. 22 Section 10.

19. Based on information and belief, Jeremiah Williams is the sole owner of S&W Contractors.

20. Based on information and belief, Jeremiah Williams operates a sole proprietorship called S&W Constructors.

21. Illinois Secretary of State records do not show an Illinois or foreign corporation with the name of S&W Constructors.

22. Based on information and belief, Jeremiah Williams is the majority owner of an Illinois corporation called J Williams Contractors Incorporated, Inc.

23. Based on information and belief, Jeremiah Williams is the majority owner of an Illinois corporation called Triple J Property Brothers, Inc.

24. Illinois Secretary of State records show Jeremiah Williams as President of S&W Contractors.

25. Illinois Secretary of State records show Jeremiah Williams as President of J Williams Contractors Incorporated, Inc.

26. Illinois Secretary of State records show Jeremiah Williams as President of Triple J Property Brothers, Inc.

27. Illinois Secretary of State records show the business address of S&W Contractors as 5872 Turkey Run, Sherman, Illinois 62684.

28. Illinois Secretary of State records show the business address of J Williams Contractors Incorporated, Inc. as 5872 Turkey Run, Sherman, Illinois 62684.

29. Illinois Secretary of State records show the business address of Triple J Property Brothers, Inc. as 5872 Turkey Run, Sherman, Illinois 62684.

30. Based on information and belief, the Defendant has avoided its contractual obligations to the Plaintiffs by paying employees, who have performed work covered by the CBA, with checks or funds from other companies including S&W Constructors, J Williams Contractors Incorporated Inc., and Triple J Property Brothers Inc.

31. As a result of laborers being paid with checks or funds from non-signatory companies, said payments were not disclosed in the payroll books and records of the signatory employer, S&W Contractors, which was the subject of a previous audit.

32. Accordingly, the Plaintiffs seek audits of the payroll records and business records of S & W Contractors, S&W Constructors, J Williams Contractors Incorporated Inc., and Triple J Property Brothers Inc.

33. The Central Laborers' Pension Trust Agreement authorizes the Trustees to obtain "such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan." Exhibit 2, P. 21, Section 3.

34. The audits are "reasonably required" to ensure S & W Contractors is not avoiding its obligations to pay contributions for work covered under the applicable CBA.

WHEREFORE, Plaintiffs pray as follows:

A. That judgment be entered against S & W Contractors for its breach of the current applicable collective bargaining agreements and Trust Agreements;

B. That S & W Contractors be held liable for any amounts found to be due and owing pursuant to the applicable collective bargaining agreements and Trust Agreements;

C. That an account be taken by the Plaintiffs for the period from January 1, 2016 through the most current feasible date, as to hours worked by S & W Contractors' employees, S&W Constructors' employees, J Williams Contractors Incorporated, Inc.'s employees, and Triple J Property Brothers, Inc.'s employees, for work covered under the CBA signed by S & W Contractors;

D. That S & W Contractors be ordered to pay to the Plaintiffs all such monies determined to be due including fringe benefit contributions, dues, assessments, audit costs, liquidated damages, interest, and statutory remedies, due and owing at the time Judgment is entered;

E. That S & W Contractors be required to perform and continue to perform all its obligations to Plaintiffs;

F. That S & W Contractors be ordered to pay Plaintiffs its reasonable attorney fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2).

G. That S & W Contractors be ordered to pay all costs attendant to these proceedings; and

H. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at S & W Contractors' cost.

## Count II

### Claim Against Jeremiah William for Willful Violation of the
### Central Laborers' Pension, Welfare and Annuity Funds' Trust Agreements

1. Based on information and belief, Jeremiah Williams is the sole owner of S&W Contractors.

2. Illinois Secretary of State records show Jeremiah Williams as President of S&W Contractors.

3. Based on information and belief, Jeremiah Williams operates a sole proprietorship called S&W Constructors.

4. Illinois Secretary of State records do not show an Illinois or foreign corporation, with the name of S&W Constructors.

5. Based on information and belief, Jeremiah Williams is the majority owner of an Illinois corporation called J Williams Contractors Incorporated, Inc.

6. Based on information and belief, Jeremiah Williams is the majority owner of an Illinois corporation called Triple J Property Brothers, Inc.

7. Illinois Secretary of State records show Jeremiah Williams as President of S&W Contractors.

8. Illinois Secretary of State records show Jeremiah Williams as President of J Williams Contractors Incorporated, Inc.

9. Illinois Secretary of State records show Jeremiah Williams as President of Triple J Property Brothers, Inc.

10. Illinois Secretary of State records show the business address of S&W Contractors as 5872 Turkey Run, Sherman, Illinois 62684.

11. Illinois Secretary of State records show the business address of J Williams Contractors Incorporated, Inc. as 5872 Turkey Run, Sherman, Illinois 62684.

12. Illinois Secretary of State records show the business address of Triple J Property Brothers, Inc. as 5872 Turkey Run, Sherman, Illinois 62684.

13. The Trust Agreements for the Central Laborers' Pension Fund, Welfare Fund, and Annuity Funds state "In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer."  Exhibit 1, P. 20, Section 1, , P. 29, Exhibit 2, P. 20, Section 1.

14. S & W Contractors of Illinois, Inc. ("S&W Contractors") is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5) and (12).

15. On May 17, 2015, S&W Contractors signed a collective bargaining agreement (hereafter CBA) that required the Defendant to pay fringe benefits, dues, and assessments to the Plaintiffs for work performed within the jurisdiction of Laborers' Local 477.  Exhibit 2.

16. Since executing the CBA in May 2015, S&W Contractors has not terminated its CBA.

17. Pursuant to ERISA, 29 U.S.C. 1145, S&W Contractors is required to make contributions to Plaintiffs in accordance with the terms and conditions of the CBA.

18. Based on information and belief, Jeremiah Williams purposefully created a scheme to avoid S&W Contractors' obligations to the Plaintiffs by paying employees, who are laborers performing covered work under the CBA, with checks or funds from other companies including S&W Constructors, J Williams Contractors Incorporated Inc., and Triple J Property Brothers Inc.

19. As a result of laborers being paid with checks or funds from non-signatory companies, said payments were not disclosed in the payroll books and records of the signatory

employer, S&W Contractors, which was the subject of a previous audit.

20. The Trust Agreements for the Central Laborers' Pension Fund, Welfare Fund, and Annuity Fund state:

> "Where an audit discloses a difference between hours worked by an employee and hours reported to the Trust by his employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules or regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct.  Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated." Exhibit 1, P. 21, Section 3, Paragraph 3, Exhibit 1, P. 29, Exhibit 2, P. 21, ¶ 1.

21. By directing a scheme to avoid S&W Contractors' obligations to the Plaintiffs, Jeremiah William's conduct was a willful violation of the Trust Agreements' requirement to pay contributions to the Central Laborers' Pension, Welfare, and Annuity Fund.

22. Pursuant to the terms of the Trust Agreements, Jeremiah Williams should be held personally liable for the underpayments and other losses incurred by the Central Laborers' Pension, Welfare, and Annuity Funds including delinquent contributions, attorney's fees, and audit costs incurred in this litigation.

WHEREFORE, Plaintiffs pray as follows:

A. That Jeremiah Williams be ordered to pay to the Central Laborers' Pension, Welfare, and Annuity Funds, delinquent contributions, attorney's fees, and audit costs incurred by these Funds in this litigation.

B. That Jeremiah Williams be ordered to pay all costs attendant to these proceedings; and

C.   That Central Laborers' Pension, Welfare, and Annuity Funds be awarded such other and further relief as the Court deems just and equitable, with all costs to be paid by Jeremiah Williams.

 

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,

By:     s/ John A. Wolters
JOHN A. WOLTERS
**CAVANAGH & O'HARA LLP**
2319 W. Jefferson Street
Springfield, IL 62702
Telephone (217) 544-1771
Fax (217) 544-9894
johnwolters@cavanagh-ohara.com